**Brenda J. LEE, Plaintiff,**

v.

**Donald C. WINTER, Defendant.**

**Civil Action No. 05–1335 (RWR).**

United States District Court,
District of Columbia.

July 17, 2006.

MEMORANDUM OPINION
AND ORDER

ROBERTS, District Judge.

Plaintiff Brenda Lee sued the Secretary of the Navy[1], alleging claims for retaliation and discriminatory non-selection. Lee moved for leave to amend her complaint after the Navy answered in order to add an additional claim of retaliation and a claim of hostile work environment. The Navy opposed the motion. Because the Navy has not shown that allowing Lee to plead her additional claims would be futile,

1. Donald C. Winter, sworn in as the Secretary of the Navy on January 3, 2006, will be substituted as the defendant for former Secretary Gordon R. England. *See* Fed.R.Civ.P. 25(d)(1).

Lee's motion to amend her complaint will be granted.

## BACKGROUND

According to the complaint, Lee is an African–American over the age of fifty-seven and a GS–12 Program Analyst in the Naval Sea Command's Security Assistance Programs Division at the Washington Navy Yard in the District of Columbia. Lee began working with the Navy in 1969 and has served in her current position since 1991. Throughout her tenure, Lee has received strong performance reviews from her supervisors and, despite being a GS–12 employee, has been performing the same duties as, or more duties than, certain GS–13 employees. In 1999, in a Navy administrative investigation concerning sexual harassment allegations made by a co-worker against a supervisor, Lee submitted a declaration unfavorable to that supervisor. In 2002, Lee provided testimony that mirrored her declaration at an EEOC hearing regarding the allegations of her co-worker. Shortly thereafter, Hercules Randolph, Lee's second-line supervisor, "noncompetitively assigned [a] younger, white employee ... who had no prior EEO activity, to a GS–13 Program Analyst position in the subject areas in which Ms. Lee had the greatest expertise." (Compl.¶ 18.) Randolph also informed Lee that if she was performing duties of a GS–13, he would fill her position competitively rather than extend her a promotion through accretion of duties. Lee timely contacted the Navy's equal employment opportunity office regarding these incidents and eventually filed suit against the Navy alleging claims of retaliatory and discriminatory non-selection.

Lee now seeks to amend her complaint, alleging additional claims of retaliation and hostile work environment. Specifically, Lee alleges that after she filed her admin-istrative complaint alleging discriminatory non-selection her supervisor, Donald Seibel, "publicly reprimanded her about alleged performance deficiencies and then stripped her of responsibilities for the countries with the greatest workload that she had been assigned: Australia, Egypt, and Korea." (Am.Compl.¶ 21.) The reassignment of her duties left Lee with "virtually no work to do, an effect which will be compounded as the Navy institutes a performance-based pay system, currently scheduled to be implemented in May 2006, and Ms. Lee's assigned work is tied directly to her compensation." (*Id.*)

Based on these facts, Lee moves to amend her complaint to add a claim of retaliatory reassignment of work duties and a claim of hostile work environment based on her public reprimand and reassignment of work duties. The Navy opposes the motion, arguing that adding these claims would be futile.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amendment her complaint after an answer has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, leave to amend a complaint may be denied if the amendment would be futile, *see id.,* and an amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996). A claim will not survive a motion to dismiss only if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The decision to grant or deny leave to amend is committed to the sound discretion of the district court. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *James Madison*, 82 F.3d at 1099.

## I. RETALIATION CLAIM

■ To state a claim of retaliation under Title VII, a plaintiff must show (1) that she engaged in statutorily protected activity; (2) that the employer took materially adverse action such that the action "could well dissuade a reasonable [employee] from making or supporting a charge of discrimination"; and (3) that a causal connection existed between the protected activity and the employer action. *Burlington N. & Santa Fe Ry. Co. v. White*, — U.S. —, 126 S.Ct. 2405, 165 L.Ed.2d 345, 2006 WL 1698953, at *3 (2006); *Broderick v. Donaldson*, 437 F.3d 1226, 1231–32 (D.C.Cir.2006).

Lee's amended complaint alleges that the Navy reassigned her major work responsibilities in retaliation for her statement and testimony against a supervisor in a sexual harassment investigation. This alleged retaliation left Lee with virtually no work to do as the Navy implemented a performance-based compensation structure. The Navy argues that adding this claim would be futile because a materially adverse action necessary to state a claim of retaliation is typically an ultimate employment decision—such as hiring, discharging, promoting, and compensating— or an action with materially adverse consequences affecting the terms, conditions, or privileges of employment, and Lee's allegation does not amount to such an action. (*See* Def.'s Opp'n at 4–9.)

■ The Navy's argument misapprehends the standard for actionable adverse actions in retaliation claims. In *White*, the Supreme Court held that a materially adverse action for a retaliation claim is one that would dissuade a reasonable employee from bringing discrimination charges, and that requiring an employee to perform more arduous duties rather than easier or more agreeable duties was just such an action. *White*, — U.S. at —, 126 S.Ct. 2405, 2414–17, 2006 WL 1698953, at *10, *12. If insisting that an employee spend more time performing more arduous work would discourage a reasonable employee from bringing discrimination charges, surely jeopardizing an employee's compensation by substantially assigning away her work duties would similarly discourage a reasonable employee. The Navy's allegedly retaliatory reassignment of work duties and the corresponding threat of reduced compensation are not "petty slights, minor annoyances, [or] simple lack of good manners[,]" but rather constitute a materially adverse action that will support a claim of retaliation under Title VII. *Id.*, — U.S. at —, 126 S.Ct. 2405, 2415, at *10. Therefore, allowing Lee to plead her additional retaliation claim would not be futile.

## II. HOSTILE WORK ENVIRONMENT CLAIM

■ "A hostile work environment exists when workplace conditions are so suffused with discriminatory intimidation, ridicule and insult of such severity or pervasiveness as to alter the conditions of the victim's employment and create an abusive working environment. To make out such a claim, it is not enough to merely show harassment, for Title VII does not prohibit all forms of workplace harassment, only those directed at discrimination

because of sex, race, religion, or national origin. Moreover, casual or isolated manifestations of a discriminatory environment may not raise a cause of action." *Hussain v. Principi*, 344 F.Supp.2d 86, 107 (D.D.C.2004) (internal quotation marks, brackets and citations omitted). In order to survive a motion to dismiss, "[a] plaintiff need only state a causal connection between his [protected status] and his hostile work environment claim." *Stanford v. Potomac Elec. Power* Co., Civil Action No. 04–1461(RBW), 2006 WL 1722329, at *5 (D.D.C. June 21, 2006).

■ Lee charges that the Navy "unlawfully discriminated against [her] on the bases of EEO reprisal, race, and age when it subjected her to a hostile work environment." (Am.Compl.¶ 26.) The amended complaint specifically identifies the following incidents as creating a hostile work environment: (1) Lee's white supervisor publicly humiliating Lee at a staff meeting, (2) the same supervisor reassigning Lee's work to other employees, and (3) each of the incidents of discrimination alleged earlier in the complaint. (*See id.*) The Navy contends that addition of this claim would be futile because the conduct alleged by Lee is insufficient to constitute a hostile work environment. (*See* Def.'s Opp'n at 10–13.)

Lee plainly has stated a causal connection between her protected status and her hostile work environment claim, and that is all she is required to do at this stage. *See Stanford*, 2006 WL 1722329, at *5. The burden, of course, will be on Lee to prove actual severe or pervasive conditions to establish the existence of a hostile work environment.

### CONCLUSION AND ORDER

Because the Navy has not shown that allowing Lee to plead her additional claims of retaliation and hostile work environment would be futile, Lee's motion to amend her complaint will be granted. Accordingly, it is hereby

ORDERED that Lee's motion [11] to amend the complaint be, and hereby is, GRANTED.